996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian J. WOODS, Plaintiff-Appellant,
v.
Eric C. DAHLBERG, Warden; Lanny Enboden, Defendants-Appellees.
 No. 93-3124.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1993.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Brian J. Woods, a pro se Ohio plaintiff, appeals the district court's summary judgment for the defendants in his consolidated civil rights actions filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Woods sued the warden and Food Service Director of the Ohio State Reformatory (OSR), in which he was incarcerated during all times pertinent to his complaints. Woods did not specify the capacity in which he sued these state officials. In district court Case No. 89CV1020, Woods presented ten claims alleging that various conditions of confinement violated his constitutional rights. He later voluntarily dismissed all the claims except those numbered six and eight. Claim Six alleged that the food served to OSR inmates was lukewarm and was sporadically contaminated in violation of the Eighth Amendment. Claim Eight alleged that Woods was arbitrarily classified to a higher security level than was warranted by his background in violation of his right to due process. In district court Case No. 89CV1779, Woods alleged that defendant Dahlberg determined him to be ineligible for transfer to a minimum-security level dormitory in retaliation for filing his previous action. During the pendency of this action, Woods was granted final release from custody by the Ohio Department of Rehabilitation and Correction, and OSR was closed. Consequently, Woods has conceded that his claims for injunctive relief are now moot and that only his claims for damages remain.
 
 
 4
 The defendants filed a motion to dismiss or for summary judgment to which Woods responded. A magistrate judge issued a report and recommendation on October 29, 1992, in which he concluded that neither the food service nor the security classification issues stated a claim under the Constitution. However, he determined that the alleged retaliatory refusal to transfer arguably stated a claim and that defendant Dahlberg had inadequately supported his motion for summary judgment as to that issue. Therefore, he recommended that the defendants' motion be denied as to Case No. 89CV1779, but that they be granted the opportunity to file a new summary judgment motion. Woods filed objections to that portion of the magistrate judge's report and recommendation which granted the motion to dismiss and Dahlberg submitted a renewed motion for summary judgment on the retaliation issue. In a memorandum opinion filed on December 29, 1992, the district court adopted the magistrate judge's report and recommendation and granted the renewed motion for summary judgment. The district court also noted that, alternatively, the complaint was "entirely dismissible" due to Woods's failure to sue the defendants in their individual capacity.
 
 
 5
 On appeal, Woods argues that the district court erred by: (1) granting summary judgment on all issues in contrast to its finding that two of the issues failed to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); (2) holding the pro se plaintiff to strict legal standards and refusing to appoint an attorney to represent him; (3) not allowing the plaintiff to amend his complaint to allege deliberate indifference and then dismissing the action because that standard was not expressly pleaded; (4) granting summary judgment for the defendants on the contaminated food issue; (5) granting summary judgment for the defendants on the security classification issue; and (6) granting summary judgment for the defendants on the retaliatory placement issue.
 
 
 6
 Upon review, we affirm the district court's judgment. There is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 A state and its officials are not considered to be persons for purposes of § 1983 when sued in their official capacity for monetary damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Because Woods did not affirmatively plead the capacity in which he sued the defendants, they are considered to be sued in their official capacities and are not subject to suit for monetary damages in this case. See Hafer v. Melo, 112 S.Ct. 358, 362-64 (1991); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Woods is not excused from this requirement merely because he is proceeding pro se. Id.
 
 
 8
 Because this issue is dispositive of Woods's appeal, it is unnecessary to address his other issues. In any event, they are meritless.
 
 
 9
 Accordingly, the district court's judgment, entered December 29, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation